IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAWN WILSON, | * | C.A. No.: |
| Plaintiff, | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| v. | * | |
| DELSTAR TECHNOLOGIES, INC., a Delaware corporation, | * | |
| Defendant. | * | |

**COMPLAINT**

1.  Plaintiff Dawn Wilson is a resident of the State of Delaware.

2.  Defendant DelStar Technologies, Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.  Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act and the Family and Medical Leave Act.

4.  Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), 29 U.S.C. §2617, and by 28 U.S.C. §1343.

5.  This Court has pendent jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. §1367.

6.  Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

7. Plaintiff brings the action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*; under 42 U.S.C. §1981; under the Family and Medical Leave Act ("the FMLA") 29 U.S.C. §2601 *et seq.*; and under the indicated State law causes of action, to redress the wrongs done to her by Defendant's discrimination against her on the basis of her race and retaliation against her.

8. Plaintiff timely submitted a complaint of discrimination on the basis of race to the Equal Employment Opportunity Commission ("EEOC").

9. Plaintiff has received a Notice of Right to Sue for the above-referenced charge from the EEOC.

10. Plaintiff has timely filed this Complaint within 90 days of her receipt of the Notice of Right to Sue.

11. Plaintiff's race is black.

12. Plaintiff, at all times relevant to this Complaint, was an "eligible employee" as that term is defined by the FMLA, in that she had been employed by Defendant for at least 12 months, and for at least 1,250 hours of service during the previous 12-month period, prior to her exercise of her rights under the FMLA.

13. At all times relevant to this Complaint, Plaintiff was employed by Defendant at its manufacturing location in Middletown, Delaware. Plaintiff began her employment with Defendant in or about November 1999, and she was terminated by Defendant in March 2006.

14. In the years leading up to 2006, Plaintiff suffered discrimination and harassment on the basis of her race by her

white supervisors, including but not limited to unjust discipline, failure to allow Plaintiff to work a flexible schedule due to daycare constraints when white employees were allowed to work such schedules, discriminatory enforcement of dress code requirements against Plaintiff, and discriminatory denial of production assistance to Plaintiff.

15. Plaintiff suffered a work-related injury on or about February 8, 2006. Following her work-related injury, Plaintiff suffered increased harassment and retaliatory treatment.

16. When Plaintiff was required to undergo surgery as a result of the injury and was forced to miss work, she suffered unjust discipline.

17. On or about March 13, 2006, Plaintiff was required to leave work due to her husband's serious health condition. Her immediate supervisor gave her permission to leave work for this reason. The following morning, Plaintiff was required to transport her husband for medical testing, and she called in and informed agents of Defendant that she would not be able to report to work for this reason. When Plaintiff called in later that day and spoke with her supervisor, she was terminated.

18. At all times relevant to the Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

19. During her employment, Plaintiff suffered differential treatment based upon her race.

20. Following her work-related injury, Plaintiff also suffered differential treatment and retaliation due to Plaintiff's

attempts to seek benefits under the workers' compensation laws of the State of Delaware.

21. Plaintiff also suffered retaliation due to her attempts to exercise her rights under the FMLA.

22. The wrongful acts committed by Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

23. As a direct result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I - TITLE VII

24. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 23 of this Complaint.

25. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of her race in violation of 42 U.S.C. §2000e *et seq*.

26. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, lost of enjoyment of life, and all other non-pecuniary damages;

(c) Punitive damages;

  (d) Pre-judgment and post-judgment interest;

  (e) Attorney's fees and costs;

  (f) Reinstatement, if feasible, or, in the alternative, front pay; and

  (g) Any other relief that this Court deems just.

### COUNT II - 42 U.S.C. §1981

27. Plaintiff hereby restates and incorporates by reference 1 through 26 herein above.

28. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of her race, Defendant has violated 42 U.S.C. §1981.

29. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

  (a) Back pay, including interest;

  (b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, lost of enjoyment of life, and all other non-pecuniary damages;

  (c) Punitive damages;

  (d) Pre-judgment and post-judgment interest;

  (e) Attorney's fees and costs;

  (f) Reinstatement, if feasible, or, in the alternative, front pay; and

  (g) Any other relief that this Court deems just.

**COUNT III - FMLA**

30. Plaintiff hereby restates and incorporates by reference 1 through 29 hereinabove.

31. Defendant retaliated against Plaintiff, wrongfully disciplined her, and wrongfully discharged her, in retaliation for Plaintiff's exercise of, and attempts to exercise, her rights under the FMLA.

32. Defendant has wrongfully interfered with, restrained and denied Plaintiff exercise of and attempts to exercise her rights under the FMLA.

33. The wrongful acts committed by Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith, and Defendant had no reasonable grounds for believing that its wrongful acts were not in violation of the FMLA.

34. As a direct result of the wrongful and discriminatory conduct of Defendant, Plaintiff has suffered lost wages and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Any and all damages provided by 29 U.S.C. §2617(a)(1), including but not limited to lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

(b) Pre-judgment and post-judgment interest;

(c) Attorney's fees and costs;

(d) Reinstatement, if feasible, or in the alternative, front pay; and

(e)   Any other relief, whether legal or equitable, that this Court deems just and appropriate.

## COUNT IV - 19 DEL. C. §2365

35.   Plaintiff hereby restates and incorporates by reference 1 through 34 hereinabove.

36.   Defendant retaliated against Plaintiff, harassed her, and subjected her to discriminatory treatment because of her decision to pursue worker's compensation benefits.

37.   Said acts by Defendant constituted retaliation and discrimination against Plaintiff in violation of 19 Del. C. §2365.

38.   As a direct result of the discriminatory, retaliatory, and harassing conduct of Defendant, Plaintiff has suffered damages, including but not limited to physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a)   Back pay, including interest;

(b)   Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, lost of enjoyment of life, and all other non-pecuniary damages;

(c)   Punitive damages;

(d)   Pre-judgment and post-judgment interest;

(e)   Attorney's fees and costs;

(f)   Reinstatement, if feasible, or, in the alternative, front pay;

(g)   Any other relief that this Court deems just; and

      (h)    Payment by Defendant of the penalty provided in 19 <u>Del</u>. <u>C</u>. §2365 to the Worker's Compensation Fund.

                                          SCHMITTINGER & RODRIGUEZ, P.A.

                                          BY: _____
                                              NOEL E. PRIMOS, ESQUIRE
                                              Bar I.D. #3124
                                             414 S. State Street
                                             P.O. Box 497
                                             Dover, DE   19903
                                             (302) 674-0140
DATED: 4-18-07                         Attorneys for Plaintiff
NEP:rp

❦JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS Dawn Wilson

**DEFENDANTS** DelStar Technologies, Inc., a Delaware Corp.

(b) County of Residence of First Listed Plaintiff    Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Plaintiff    N/A
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Noel E. Primos, Esquire, Bar I.D. #3124
Schmittinger & Rodriguez, P.A.
414 S. State Street, P.O. Box 497
Dover, DE 19901    phone: (302) 674-0140

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place and "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine |  | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 861 HIA (1395 ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access To Justice |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | ☐ 864 SSID Title XVI |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. W/Disabilities- Employment | ☐ 540 Mandamus & Other | ☐ 865 RSI (405(g)) |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |  |
|  |  |  | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** |
|  |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  |  |  |  | ☐ 871 IRS – Third Party 26 USC 7609 |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000e et seq;, 42 U.S.C. § 1981; 29 U.S.C. § 2601 et seq; 19 Del.C. § 2365.

Brief description of cause:
Plaintiff seeks to redress discriminatory and retaliatory treatment by Defendant on basis of her race, and for pursuing her statutory rights.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASES(S) IF ANY

(See instructions):
JUDGE                                    DOCKET NUMBER

DATE    April 18, 2007

SIGNATURE OF ATTORNEY OF RECORD    /s/

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____