**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DAWN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 07-205 (JJF) |
| v. ) | |
| ) | |
| DELSTAR TECHNOLOGIES, INC, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

**ANSWER OF DEFENDANT
DELSTAR TECHNOLOGIES, INC. TO THE COMPLAINT**

Defendant DelStar Technologies, Inc. (hereinafter "Defendant" or "DelStar") answers the above-referenced Complaint as follows:

1.    Defendant admits the allegations of this paragraph.

2.    Defendant admits the allegations of this paragraph.

3.    Defendant admits the allegations of this paragraph.

4.    Defendant admits the allegations of this paragraph.

5.    Defendant admits the allegations of this paragraph.

6.    Defendant admits the allegations of this paragraph. By way of further response, Defendant expressly denies that it engaged in wrongful conduct as alleged in the Complaint.

7.    Defendant admits that Plaintiff purports to bring this action under the referenced statutes and state law causes of action.  Defendant denies that it wronged Plaintiff and/or discriminated against her on the basis of her race and/or retaliated against her and/or denied her any rights or privileges guaranteed by law.

1

8.     Defendant admits the allegations of this paragraph.

9.     Defendant admits the allegations of this paragraph.

10.    Defendant admits the allegations of this paragraph.

11.    Defendant admits the allegations of this paragraph.

12.    Defendant admits that Plaintiff was an "eligible employee" as that term is defined by regulations promulgated pursuant to the Family and Medical Leave Act ("FMLA"). Defendant expressly denies that Plaintiff exercised, or attempted to exercise, rights under the FMLA, and/or that Defendant was on notice that Plaintiff's husband suffered from a "serious medical condition" within the meaning of the FMLA.

13.    Defendant admits the allegations of this paragraph.

14.    Defendant denies the allegations of this paragraph.

15.    Defendant admits that Plaintiff suffered a work-related injury on or bout February 8, 2006. Defendant denies the remaining allegations of this paragraph.

16.    Defendant admits that Plaintiff required surgery as a result of her injury and that she missed work. Defendant denies the remaining allegations of this paragraph.

17.    Defendant admits that, on March 13, 2006, Plaintiff left work early with the permission of her immediate supervisor. Defendant denies the remaining allegations of this paragraph.

18.    Defendant admits that Plaintiff was qualified for her job position. Defendant denies the remaining allegations of this paragraph.

19.    Defendant denies the allegations of this paragraph.

20.    Defendant denies the allegations of this paragraph.

21.    Defendant denies the allegations of this paragraph.

22.     Defendant denies the allegations of this paragraph.

## COUNT I – TITLE VII

24.     Defendant hereby incorporates and restates its answers above, as though fully set forth herein.

25.     Defendant denies the allegations of this paragraph.

26.     Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice and that Defendant be awarded its costs and fees and such other relief as this Court deems just and proper.

## COUNT II – 42 U.S.C. § 1981

27.  Defendant hereby incorporates and restates its answers above, as though fully set forth herein.

28.     Defendant denies the allegations of this paragraph.

29.     Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice and that Defendant be awarded its costs and fees and such other relief as this Court deems just and proper.

## COUNT III – FMLA

30.  Defendant hereby incorporates and restates its answers above, as though fully set forth herein.

31.     Defendant denies the allegations of this paragraph.

32.     Defendant denies the allegations of this paragraph.

33.     Defendant denies the allegations of this paragraph.

34.    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice and that Defendant be awarded its costs and fees and such other relief as this Court deems just and proper.

### COUNT IV – 19 Del. C. § 2365

35.  Defendant hereby incorporates and restates its answers above, as though fully set forth herein.

36.    Defendant denies the allegations of this paragraph.

37.    Defendant denies the allegations of this paragraph.

38.    Defendant denies the allegations of this paragraph.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice and that Defendant be awarded its costs and fees and such other relief as this Court deems just and proper.

And further answering, Defendant pleads the following additional defenses:

### FIRST DEFENSE

Defendant's actions toward Plaintiff were at all times based on legitimate, non-discriminatory, and non-retaliatory business reasons.

### SECOND DEFENSE

Plaintiff is not entitled to an award of damages or other legal or equitable relief based on the facts and circumstances of this case.

4

### THIRD DEFENSE

To the extent that Plaintiff bases her claims on actions alleged to have occurred more than 300 days prior to the filing of her charge of discrimination, such claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Defendant had an effective harassment, discrimination and retaliation policy in place at the time of the incidents set forth in the Complaint, which unreasonably plaintiff failed to utilize to alleviate herself of the alleged harassing and/or discriminatory behavior.

### FIFTH DEFENSE

Any injury allegedly suffered by plaintiff does not constitute emotional distress.

### SIXTH DEFENSE

Plaintiff has failed to mitigate any damages she alleged she has suffered.

WHEREFORE, Defendant DelStar Technologies, Inc. requests that the Complaint be dismissed with prejudice and that DelStar be awarded its costs and fees and such other relief as this Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: _____

Wendy K. Voss (#3142)
Sarah E. DiLuzio (#4085)
Hercules Plaza, Sixth Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
(302) 984-6000
wvoss@potteranderson.com - Email

sdiluzio@potteranderson.com - Email

*Attorneys for Defendant DelStar*
*Technologies, Inc.*

Dated:  May 14, 2007
792739 / 25216-001

## CERTIFICATE OF SERVICE

I hereby certify this 14th day of May, 2007 that the foregoing **ANSWER OF DEFENDANT DELSTAR TECHNOLOGIES, INC. TO THE COMPLAINT** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

> Noel E. Primos, Esquire
> Schmittinger & Rodriguez, P.A.
> 414 S. State Street
> P.O. Box 497
> Dover, Delaware 19903
> nprimos@scmittrod.com – Email

> Wendy K. Voss (Del. Bar 3142)
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, Sixth Floor
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE  19899
> (302) 984-6000 - Telephone
> (302) 658-1192 - Facsimile
> wvoss@potteranderson.com – Email

> *Attorneys for Defendant DelStar*
> *Technologies, Inc.*